J-S11009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNY LEE NELSON | |
| Appellant | No. 1151 WDA 2020 |

Appeal from the Judgment of Sentence entered September 30, 2020
In the Court of Common Pleas of Crawford County
Criminal Division at No: CP-20-SA-0000057-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY STABILE, J.:        **FILED:  June 10, 2021**

Appellant, Johnny Lee Nelson, appeals from the September 30, 2020 judgment of sentence imposed in the Court of Common Pleas of Crawford County.  Appellant appeared *pro se* for a September 29, 2020 hearing on his summary appeal.  At that time, he entered a guilty plea to driving under suspension—DUI related.  75 Pa.C.S.A. § 1943(b).  The trial court sentenced Appellant to 60 days in prison plus fines and court costs.

Appellant filed a timely counseled appeal.  On October 27, 2020, the trial court ordered the filing of a Rule 1925(b) statement.  Appellant did not comply but has filed a counseled brief with this Court contending his guilty

---

[*] Retired Senior Judge assigned to the Superior Court.

plea was not knowingly and intelligently entered.  The Commonwealth argues that Appellant's issues are waived for failure to file a Rule 1925(b) statement.

Because Appellant is represented by counsel, and because counsel failed to file a Rule 1925(b) statement as directed by the trial court in its October 27, 2020 order, we remand in accordance with Rule 1925(c)(3) for the filing of a Rule 1925(b) statement within 21 days of the return of the record to the trial court.  The trial court shall then issue a Rule 1925(a) opinion within 30 days of the filing of the Rule 1925(b) statement.[1]

Case remanded for further proceedings in accordance with this Memorandum.  Jurisdiction retained.

---

[1] The Commonwealth suggests the issue is so simple that we should address it without a remand.  We decline to do so, in part because the record does not include the transcript of the September 29, 2020 hearing at which Appellant entered his guilty plea.  Therefore, we cannot consider whether, as the Commonwealth suggests, the record reflects that Appellant's plea was knowingly and intelligently entered.

We remind Appellant of his responsibility to ensure the record is complete.  In this instance, the Commonwealth recognized that the transcript was not in the record and indicated a copy was attached to its brief.  However, the brief filed with this Court did not included the transcript.